# THE PREROGATIVE COURT

OF

## THE STATE OF NEW JERSEY

### MAY TERM, 1879.

THEODORE RUNYON, ESQ., ORDINARY.

---

THE UNION NATIONAL BANK OF FRENCHTOWN, appellants,

*v.*

ISRAEL POULSON and others, administrators &c., respondents.

1. Creditors, although they had obtained judgment against administrators, were not, previous to the adoption of *Rule 11* of the orphans court, entitled to notice of an application by such administrators to be discharged from their trust, on account of the insolvency of themselves and their sureties.

2. A discharge for such cause is not invalid because granted before an account rendered, since such discharge does not relieve from that duty.

---

On appeal from a decree of Hunterdon orphans court.

*Mr. J. N. Voorhees,* for appellants.

*Mr. J. G. Shipman,* for respondents.

Union National Bank of Frenchtown v. Poulson.

THE ORDINARY.

On the 21st of January, 1878, the orphans court of Hunterdon county, by their order of that date, on the petition of Israel Poulson and William J. Poulson, administrators of the estate of Samuel B. Hudnit, deceased, discharged them from the further performance of their duties as such administrators, except accounting for and paying over the moneys or assets received by them, or either of them, by virtue of their office of administrators. On the same day, the court appointed Edward P. Conkling administrator in the stead of the Poulsons. The appellants, the Union National Bank of Frenchtown, are creditors of the deceased. In 1877, they recovered judgment for their debt, against the Poulsons, as administrators. They seek to reverse the order of discharge, on the ground that they had no notice of the proceedings; that there was no petition before the court, and that the court did not require the Poulsons, who had never accounted, to account before they were discharged.

The statute under which the proceeding complained of was taken (*Rev. p. 780, Orphans Court, § 125*), makes no provision for notice. The rules of the orphans court (*Rule 11*), promulgated by the ordinary in June, 1878, subsequently to the proceeding under review, do.

The appellants insist that their position was such, by reason of their judgment against the administrators, that they were especially entitled to notice. But their judgment gave them no preference over other creditors of the estate, and, if they were entitled to notice, then all the creditors, however numerous they may have been, were, also. There appears to have been no notice to any one. But the rights of the creditors were not affected by the discharge. The liability of the Poulsons to account was unaffected by it. On the petition, it was eminently proper, and manifestly to the interest of the creditors, that they should be discharged. The petition was duly verified by the oath of one administrator and the affirmation of the other, and stated that the

Union National Bank of Frenchtown *v.* Poulson.

Poulsons were appointed administrators in February, 1873, and thereupon entered upon their duties as such; that three of the sureties on their administration bond had become and were entirely insolvent, and that they could not conveniently furnish new sureties in their stead, and that the appointment of administrators in their place would be greatly to the advantage of the estate.

The court, by their order of discharge, declare that they had examined into the matter, and considered the application, and were satisfied that there was sufficient reason for the discharge, and that it would not be prejudicial to the estate or those interested therein, and that it ought to be granted. The circumstances before the court were of themselves sufficient to justify the discharge. The estate was a very large one. It had been in the hands of the Poulsons, for administration, about five years. They had never accounted. They declared that the estate was insolvent. Three of their sureties had become insolvent, and they not only could not conveniently find others, but were unwilling to do so.

The appellants say, in their petition of appeal, that the Poulsons had possessed themselves of large amounts of cash, by converting assets of the estate into money, and had improperly and illegally applied the money, and had so ruinously and improperly mismanaged the estate that it had become insolvent.

The rights of creditors were in nowise affected injuriously by the action of the court. It is urged that the appellants had a right to have an account from the Poulsons before they were discharged, and that the court ought to have required such account before discharging them. But, as before remarked, the liability to account is not affected by the discharge, and, if the statements of the petition are true, it would have been highly improper for the court to retain the Poulsons in office until they should have accounted, after the fact became known, by the petition,

---

that the security on the administration bond had become so greatly impaired.

Nor can the objection, based on the want of a petition as the foundation of the order, be sustained. The order declares that the petition was presented on the 7th day of January, 1878, and it is apparent, from the recitals of the order, that it was before the court. The petition was sworn to on the day last mentioned, and, though it appears to have been marked as having been filed on the 4th day of March, 1878, and the record shows that it was ordered by the court that it be filed as of the 7th of January in that year, it by no means follows that it was not presented to the court on the day when the order of discharge was made. On the contrary, the recital of the order in that respect, and the presumption in favor of the regularity of the proceedings, are fatal to the objection.

The order will be affirmed, with costs.